**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VIRGILIO SANCHES-SANCHEZ, AKA Virgilio Sanchez-Sanchez, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 13-74436 <br><br> Agency No. A200-975-934 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 14, 2015[**]

Before:     SILVERMAN, BYBEE, and WATFORD, Circuit Judges.

Virgilio Sanches-Sanchez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reconsider its dismissal of his appeal from an immigration judge's decision

denying cancellation of removal and a motion for a continuance, and the BIA's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

order denying his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen or reconsider, and review de novo questions of law and constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The BIA did not abuse its discretion in denying Sanches-Sanchez' motion to reconsider, where the motion failed to establish any error of law or fact in the BIA's prior order dismissing Sanches-Sanchez's appeal. *See* 8 C.F.R. § 1003.2(b)(1) ("A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior [BIA] decision and shall be supported by pertinent authority.")

First, Sanches-Sanchez did not establish error in the BIA's conclusion that he failed to show eligibility for cancellation of removal, where the record established that he had been convicted of a domestic violence offense under California Penal Code § 273.5. *See* 8 U.S.C. § 1229b(b)(1)(C) (specifying classes of criminal convictions that preclude a grant of cancellation of removal); 8 C.F.R. § 1240.8(d) ("If the evidence indicates that one or more of the grounds for mandatory denial of the application for relief may apply, the alien shall have the burden of proving by a preponderance of the evidence that such grounds do not apply."). The agency properly relied on an FBI database print out and Sanches-

Sanchez's own admissions to establish the existence of the conviction. *See* 8

C.F.R. § 1003.41(d) (in addition to the conviction documents enumerated in the

regulation, "[a]ny other evidence that reasonably indicates the existence of a

criminal conviction may be admissible as evidence thereof"); *Lata v. INS*, 204 F.3d

1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, an alien must

show error and prejudice). Contrary to Sanches-Sanchez's contention, the

limitation on the use of certain documents to prove a conviction under the modified

categorical analysis is inapplicable here because California Penal Code "§ 273.5 is

categorically a crime of domestic violence." *Carrillo v. Holder*, 781 F.3d 1155

(9th Cir. 2015).

Second, Sanches-Sanchez did not establish error in the BIA's conclusion

that he failed to establish good cause for a continuance. *See Sandoval-Luna v.

Mukasey*, 526 F.3d 1243, 1247 (9th Cir. 2008).

The BIA also did not abuse its discretion in denying Sanches-Sanchez's

motion to reopen to apply for asylum, where Sanches-Sanchez's own statement

was the only evidence he submitted in support of his motion and the statement

failed to demonstrate prima facie eligibility for relief. *See Shin v. Mukasey*, 547

F.3d 1019, 1025 (9th Cir. 2008) (a motion to reopen must "be supported by

affidavits or other evidentiary materials demonstrating *prima facie* eligibility for

the relief sought" (citing 8 C.F.R. § 1003.2(c)(1)). Furthermore, the record does not support Sanches-Sanchez's contention that the BIA made an impermissible credibility determination in evaluating his statement.

Finally, Sanches-Sanchez's contention that the BIA abused its discretion by denying his motions in the absence of an opposition from the government is without merit. *See* 8 C.F.R. § 1003.2(a) ("[t]he decision to grant or deny a motion to reopen or reconsider is within the discretion of the Board").

**PETITION FOR REVIEW DENIED.**

13-74436