**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE LUIS MARQUEZ CARRILLO, *Petitioner*, <br><br> v. <br><br> ERIC H. HOLDER, JR., Attorney General, *Respondent*. | No. 12-70779 <br><br> Agency No. A031-285-059 <br><br><br> OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 3, 2015[*]
Pasadena, California

Filed March 31, 2015

Before: Harry Pregerson, Ferdinand F. Fernandez,
and Jacqueline H. Nguyen, Circuit Judges.

Opinion by Judge Fernandez

---

[*] The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Immigration

The panel denied Jose Luis Marquez Carrillo's petition for review from the Board of Immigration Appeals' order removing him due to his conviction for a crime of domestic violence.

The panel held that the BIA correctly found that a conviction for violating California Penal Code § 273.5(a) constitutes a categorical crime of domestic violence within the meaning of 8 U.S.C. § 1227(a)(2)(E)(i).

### COUNSEL

Jaime Jasso, Law Offices of Jaime Jasso, Westlake Village, California, for Petitioner.

Stuart F. Delery, Principal Deputy Assistant Attorney General, Civil Division, Terri J. Scadron, Assistant Director, Office of Immigration Litigation, Kathryn L. DeAngelis, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

FERNANDEZ, Circuit Judge:

Jose Luis Marquez Carrillo, a citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) order removing him due to his conviction for a crime of domestic violence. *See* 8 U.S.C. § 1227(a)(2)(E)(i);[1] Cal. Penal Code § 273.5(a) (2002).[2]  We deny the petition.

BACKGROUND

Marquez is a forty-nine-year-old native and citizen of Mexico, who entered the United States as a lawful permanent resident on or about July 20, 1971.

Marquez was arrested in January 2005 for domestic violence and turned over to the Department of Homeland Security (DHS).  DHS served him with a Notice to Appear, which charged him with removability as an alien who had been convicted of a crime of domestic violence.  The notice alleged that his 2002 conviction under § 273.5 rendered him removable pursuant to § 1227(a)(2)(E)(i).  On February 23, 2005, Marquez appeared before an Immigration Judge (IJ) who found him removable as charged due to the § 273.5 conviction.  At that time, Marquez said his criminal record included a 1995 conviction of great bodily injury to a child,

---

[1] Hereafter, we will refer to this law as § 1227(a)(2)(E)(i).

[2] Hereafter, we will refer to this law as § 273.5.

a 2002 conviction of corporal injury to his spouse, and a 2005 domestic violence conviction.**³**

At a continued hearing on April 5, 2005, the IJ sustained the charge of removability and found "that 273.5, by definition, falls within [§ 1227(a)(2)(E)(i)]." Marquez then filed an application for cancellation of removal. *See* 8 U.S.C. § 1229b. After years of continued hearings, Marquez appeared before the IJ on May 20, 2010, and presented evidence to support his application. Among other things, he claimed that he had completed an Alcoholics Anonymous program and several domestic violence programs. He also submitted letters that had first been submitted, and accepted, at a bail bond hearing some five years earlier.

The IJ then issued a decision that affirmed Marquez's removability because of the domestic violence conviction from 2002, and denied his application for cancellation of removal. The IJ found that Marquez met the statutory elements for eligibility for cancellation of removal, but denied discretionary relief because the negative factors in his background outweighed the positive. The IJ accorded minimal weight to the letters submitted in Marquez's bond hearing five years earlier. Regarding his wife's letter, in particular, the IJ noted that Marquez's latest domestic violence charge occurred years after his wife wrote her letter of support. The IJ accepted Marquez's word that he had recently completed a domestic violence course. On balance, the IJ found that Marquez had not sustained his burden of establishing that he was deserving of cancellation of removal.

---

**³** Marquez's criminal record is extensive and includes multiple theft and burglary convictions, a battery conviction, a conviction for driving under the influence, and multiple domestic violence charges.

On appeal to the BIA, Marquez contested his removability in light of this court's then recent decision that § 273.5 is not categorically a crime involving moral turpitude (CIMT). He argued that by analogy the court should find that § 273.5 is not a crime of domestic violence. He also objected to the IJ's discretionary decision.

The BIA adopted and affirmed the IJ's decision. It agreed that § 273.5 is categorically a crime of domestic violence. Furthermore, it agreed that the negative factors outweighed the positive equities in Marquez's application. The BIA refused to consider new evidence, including a certificate of completion of a domestic violence program, because it could not consider new evidence on appeal; it also noted that Marquez did not file a motion to remand and that the evidence was not material in any event. Marquez's timely petition for review followed.

## JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction pursuant to 8 U.S.C. § 1252. When, as here, the BIA adopts the IJ's decision and also adds its own reasons, we review both decisions. *Vasquez-Hernandez v. Holder*, 590 F.3d 1053, 1054 (9th Cir. 2010). "The Ninth Circuit reviews *de novo* whether a conviction constitutes a removable offense under the Immigration and Nationality Act." *Szalai v. Holder*, 572 F.3d 975, 978 (9th Cir. 2009) (per curiam). Purely legal questions, including the BIA's interpretation of the INA, are likewise reviewed *de novo*. *Id.* at 979.

### DISCUSSION

Marquez's primary argument is that § 273.5 is not a categorical crime of domestic violence within the meaning of § 1227(a)(2)(E)(i) because § 273.5 casts its protective mantel over too many categories of victims. He recognizes that we have previously held that § 273.5 "is categorically a crime of domestic violence." *Banuelos-Ayon v. Holder*, 611 F.3d 1080, 1081 (9th Cir. 2010); *see also Vasquez-Hernandez*, 590 F.3d at 1054–56. However, Marquez argues, in that case we focused on the question of whether § 273.5 spelled out a crime of violence and did not expressly consider the limiting adjective — domestic. Thus, he says, *Banuelos-Ayon* does not bind us. *See Estate of Magnin v. Comm'r*, 184 F.3d 1074, 1077 (9th Cir. 1999).

We believe that in context there was little reason for *Banuelos-Ayon* to be more explicit because it is apparent that § 273.5 is categorically[4] a crime that is both domestic and violent in nature, but we will now put any uncertainty to rest.

We start, as we must, with the language of the statutes. At the time of Marquez's conviction, his crime was defined as follows in § 273.5(a):

> Any person who willfully inflicts upon a person who is his or her spouse, former spouse, cohabitant, former cohabitant, or the mother or father of his or her child, corporal injury resulting in a traumatic condition, is guilty of a felony, and upon conviction thereof

---

[4] *See Descamps v. United States*, __U.S.__, __, 133 S. Ct. 2276, 2283–85, 186 L. Ed. 2d 438 (2013).

shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not more than one year, or by a fine of up to six thousand dollars ($6,000) or by both that fine and imprisonment.

The domestic violence language in § 1227(a)(2)(E)(i) reads as follows:

Any alien who at any time after admission is convicted of a crime of domestic violence, a crime of stalking, or a crime of child abuse, child neglect, or child abandonment is deportable. For purposes of this clause, the term "crime of domestic violence" means any crime of violence (as defined in section 16 of title 18) against a person committed by a current or former spouse of the person, by an individual with whom the person shares a child in common, by an individual who is cohabiting with or has cohabited with the person as a spouse, by an individual similarly situated to a spouse of the person under the domestic or family violence laws of the jurisdiction where the offense occurs, or by any other individual against a person who is protected from that individual's acts under the domestic or family violence laws of the United States or any State, Indian tribal government, or unit of local government.

It is apparent that both statutes encompass crimes committed by a spouse or former spouse, by a person with whom the victim shares a child, and by a cohabitant or former

cohabitant. The only slight variation is that as to cohabitants § 1227(a)(2)(E)(i) adds the qualifier "as a spouse" whereas § 273.5 does not have that qualifier.

But California case law has made it plain that a spouse-like relationship is implicit. As the California Court of Appeal has put it: "The term 'cohabitant' has been interpreted broadly to refer to those living together in a substantial relationship — one manifested, minimally, by permanence and sexual or amorous intimacy." *People v. Taylor*, 118 Cal. App. 4th 11, 18, 12 Cal. Rptr. 3d 693, 696 (2004) (some internal quotation marks omitted); *see also People v. Moore*, 44 Cal. App. 4th 1323, 1333–34, 52 Cal. Rptr. 2d 256, 262–63 (1996). That alleviates any concern that the California law would cover merely being together in some sort of a "platonic, rooming-house arrangement." *People v. Holifield*, 205 Cal. App. 3d 993, 999, 252 Cal. Rptr. 729, 733 (1988).

As we see it, that rational view of cohabiting is what the specific coverage language of § 1227(a)(2)(E)(i) is intended to reach. That is emphasized by the somewhat less specific language that Congress then used when it indicated that it intended to cover individuals "similarly situated to a spouse." *Id.* On that basis alone, the match is categorical.

But, to the extent that any doubt remains, it was removed when Congress adopted the ultimate inclusionary provision of § 1227(a)(2)(E)(i): a crime committed by "any other individual against a person who is protected from that individual's acts under the domestic or family violence laws of . . . any State." That language must be given effect — it should not be seen as merely redundant or superfluous. *See Negrete-Ramirez v. Holder*, 741 F.3d 1047, 1053 (9th Cir.

2014); *Spencer Enters., Inc. v. United States*, 345 F.3d 683, 691 (9th Cir. 2003). As it is, the breadth of that language does decidedly encompass the victims listed in § 273.5, both in principle and in the reification of the principle.

As the California courts have explained, the Legislature's stated purpose has been to address the problem of domestic violence, the elimination of which "is a compelling state interest." *People v. Jungers*, 127 Cal. App. 4th 698, 704, 25 Cal. Rptr. 3d 873, 878 (2005). It recognized "'the high incidence of violence in intimate relationships,'" and sought to reduce that. *Id.* (quoting Cal. Judges Benchbook: Domestic Violence Cases in Criminal Court (CJER 2000) § 1.7, p. 9). Thus, § 273.5 came into being. The whole purpose of domestic violence laws like § 273.5 "is to protect persons . . . in a special relationship for which society demands, and the victim may reasonably expect, stability and safety, and in which the victim, for these reasons among others, may be especially vulnerable." *People v. Vega*, 33 Cal. App. 4th 706, 710, 39 Cal. Rptr. 2d 479, 483 (1995). No one doubts that § 273.5 was and is a domestic violence law. *See, e.g.*, *United States v. Denton*, 611 F.3d 646, 651 (9th Cir. 2010); *Galen v. Cnty. of L.A.*, 477 F.3d 652, 656 (9th Cir. 2007); *People v. Hamlin*, 170 Cal. App. 4th 1412, 1428–29, 89 Cal. Rptr. 3d 402, 416–17 (2009). While the scope of the law has evolved, that "reflects a developing awareness of the human factors that lead to domestic violence"[5] and the need to protect those who have found themselves in those kinds of relationships.[6]

---

[5] *People v. Mora*, 51 Cal. App. 4th 1349, 1355, 59 Cal. Rptr. 2d 801, 805 (1996).

[6] *See id.*

The language of § 1227(a)(2)(E)(i) shows beyond peradventure that Congress was aware of the need for fluidity as states sought to protect victims from violent injuries that grow out of personal, intimate relationships which are domestic in nature. That, perforce, explains Congress' casting a net wide enough to encompass "any other individual"[7] who has committed a crime of violence against a person protected from that individual "under the domestic or family violence laws of . . . any State."[8]

Thus, § 273.5 is categorically a crime of domestic violence within the meaning of § 1227(a)(2)(E)(i). In so holding, we do not overlook *Morales-Garcia v. Holder*, 567 F.3d 1058, 1064–66 (9th Cir. 2009), which decided that § 273.5 is not categorically a CIMT. That case is simply inapposite to the issue before us. It did not, and could not, decide whether § 273.5 was a crime of domestic violence; it simply decided whether it was a CIMT. Perhaps a conviction under § 273.5 will sometimes be a CIMT;[9] perhaps it will sometimes be an aggravated felony;[10] but it categorically *is* a crime of domestic violence.[11]

---

[7] § 1227(a)(2)(E)(i).

[8] *Id.*

[9] *See Morales-Garcia*, 567 F.3d at 1066–67.

[10] *See* 8 U.S.C. §§ 1101(a)(43)(F), 1227(a)(2)(A)(iii).

[11] Marquez raises two other minor issues regarding the BIA's cancellation of removal decision, but we do not have jurisdiction over either of them. He argues that the IJ erred when she gave minimal weight to certain witness letters, but his failure to make that claim to the BIA deprives us of jurisdiction over it. *See* 8 U.S.C. § 1252(d)(1); *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (per curiam). We also lack

## CONCLUSION

We hold that when Marquez was convicted in 2002 for violation of § 273.5, he was convicted of a crime that is categorically a crime of domestic violence under § 1227(a)(2)(E)(i).  The BIA did not err.

Petition **DENIED**.

---

jurisdiction over his claim that the BIA should have sua sponte reopened and remanded to the IJ.  *See Meija-Hernandez v. Holder*, 633 F.3d 818, 823–24 (9th Cir. 2011); *Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002).