**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**July 29, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

_____

ALEJANDRO TLALPAN-OCHOA,

     Petitioner,

v.

LORETTA E. LYNCH,
United States Attorney General,[*]

     Respondent.

No. 14-9599
(Petition for Review)

_____

**ORDER AND JUDGMENT**[**]

_____

Before **HARTZ**, **PHILLIPS**, and **McHUGH**, Circuit Judges.

_____

Alejandro Tlalpan-Ochoa, a native and citizen of Mexico and nonpermanent

resident of the United States, has filed a petition for review of the decision of the

Board of Immigration Appeals (BIA) upholding an immigration judge's (IJ) order

denying his application for cancellation of removal.  After determining that Mr.

---

[*] In accordance with Rule 43(c)(2) of the Federal Rules of Appellate
Procedure, Loretta E. Lynch is substituted for Eric H. Holder, Jr., as the respondent
in this action.

[**] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

Tlalpan had been convicted of a "crime of domestic violence" as defined by 8 U.S.C. § 1227(a)(2)(E)(i), the BIA concluded that the conviction rendered him ineligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1)(C). We exercise jurisdiction under 8 U.S.C. § 1252(a)(1) and deny the petition for review.[1]

## I.     BACKGROUND

Mr. Tlalpan has resided in the United States since 1989. His wife and two children are all United States citizens. He was charged with having entered the United States in 1989 without inspection. He conceded removability and applied for cancellation of removal. Following a hearing at which he was represented by counsel, the IJ determined that in 1996 Mr. Tlalpan had been convicted of an offense under § 273.5(a) of the California Penal Code and, further, concluded that the conviction was categorically "a crime of domestic violence." Accordingly, the IJ found Mr. Tlalpan ineligible for cancellation of removal and denied the application, but granted Mr. Tlalpan's request for voluntary departure.

Mr. Tlalpan appealed to the BIA, arguing that the IJ's order should be reversed because (1) Mr. Tlalpan was entitled to relief based on his pending petition seeking post-conviction relief—based on ineffective assistance of counsel—filed in California state court; and (2) Mr. Tlalpan's 1996 conviction was not for a crime of

---

[1] Although the BIA's decision was to deny the discretionary relief of cancellation of removal, the underlying issue is a legal one: whether Mr. Tlalpan met his burden of proving that his conviction was not a crime of domestic violence. Therefore, while this court generally lacks jurisdiction over denials of discretionary relief, *see* 8 U.S.C. § 1252(a)(2)(B), we do have jurisdiction over the legal question presented, *see id.* § 1252(a)(2)(D).

moral turpitude under 8 U.S.C. § 1227(a)(ii)(A)(i), supposedly thus rendering him eligible to be considered for cancellation of removal under § 1229b(b)(1)(C).

The BIA rejected Mr. Tlalpan's argument based on his pending post-conviction motion, noting that until the motion succeeded, the conviction required denial of the requested cancellation of removal. The BIA found Mr. Tlalpan's argument focusing on whether he had committed a crime of moral turpitude misdirected, given the IJ's disqualifying him from relief instead for his having committed a crime of domestic violence within the meaning of 8 U.S.C. §§ 1227(a)(2)(E) and 1229b(b)(1)(C). Although recognizing that the IJ did not specify what portion of § 1227(a)(2) on which he relied, the BIA found that the IJ had obviously relied on § 1227(a)(2)(E) because the IJ referred to "domestic violence" at the hearing and because Mr. Tlalpan's California domestic-violence conviction fell within this definition. Ruling that Mr. Tlalpan's conviction was indeed a crime of domestic violence under § 1227(a)(2)(E), the BIA declared Mr. Tlalpan ineligible for cancellation of removal. Accordingly, the BIA dismissed the appeal. Mr. Tlalpan now seeks review in this court.

## II.    DISCUSSION

To be eligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1), Mr. Tlalpan had the burden to show that (1) he had been continuously present in the United States for at least ten years preceding his application; (2) he had been a person of good  moral character during that time; (3) he had not been convicted of certain crimes, including any crime of domestic violence; and (4) his removal would result in

3

exceptional and extremely unusual hardship to a qualifying relative. *See* 8 U.S.C.

§ 1229a(c)(4) (placing burden of proof on alien to establish eligibility). Here, Mr.

Tlalpan disputes just the third element.

The BIA issued a single-member decision affirming the IJ's order. As we

begin our review, we consider that "although we will not affirm on grounds raised in

the IJ decision unless they are relied upon by the BIA, we are not precluded from

consulting the IJ's more complete explanation of those same grounds." *Maatougui v.*

*Holder*, 738 F.3d 1230, 1237 n.2 (10th Cir. 2013) (brackets, ellipsis, and internal

quotation marks omitted).

## A. Crime of Domestic Violence

Mr. Tlalpan argues that the IJ failed to specify whether he found Mr. Tlalpan's

conviction to be a crime involving moral turpitude, *see* § 1227(a)(2)(A)(i), or a crime

of domestic violence, *see* § 1227(a)(2)(E)(i). Therefore, he maintains he is entitled to

relief or, alternatively, that this court should address his arguments that he was not

convicted of a crime of domestic violence, even though he did not raise those

arguments in his brief to the BIA.

Mr. Tlalpan relies on a remark made by the IJ during a discussion with counsel

at the removal hearing. Noting the absence of any documentation on the California

conviction, the IJ speculated that the conviction might qualify as a crime involving

moral turpitude. *See* Admin. R. at 110. But this remark preceded Mr. Tlalpan's

attorney's locating and proffering a document entitled, "Results of Criminal and

Traffic/Minor Offense Record Search," which reflected Mr. Tlalpan's 1996

4

conviction for violating § 273.5(a). Thereafter, the IJ stated during the hearing that he would "find that the domestic violence conviction in California is categorically a crime of domestic violence," *id.* at 126, and he would deny relief "because of the domestic violence conviction," *id.* at 128. In addition, the IJ further announced in his oral decision that the conviction was "categorically a crime of domestic violence." *Id.* at 88. The BIA determined that the IJ had concluded that Mr. Tlalpan's conviction was for a crime of domestic violence. *See id.* at 3-4 & n.1. We agree and find no error in the BIA's conclusion that the basis for the IJ's denial of discretionary relief was Mr. Tlalpan's conviction of a crime of domestic violence.

In his BIA brief, Mr. Tlalpan did not raise the issue of whether his conviction was a crime of domestic violence. Generally, "an alien must present the *same specific legal theory* to the BIA before he or she may advance it in court." *Garcia-Carbajal v. Holder*, 625 F.3d 1233, 1237 (10th Cir. 2010). Nevertheless, the BIA exercised its discretion to decide the issue substantively, leaving us free to review that ruling. *See id.* at 1237-39 (stating that an issue not presented to the BIA may not be brought in court unless three criteria are met, including that the BIA explicitly decided the issue "in a full explanatory opinion or substantive discussion"). "In our review of the agency's decision, we decide purely legal questions *de novo*." *Karki v. Holder*, 715 F.3d 792, 800 (10th Cir. 2013) (internal quotation marks omitted). Thus, we review de novo the BIA's legal determination that Mr. Tlalpan's conviction under § 273.5 of the California Penal Code qualified as a crime of domestic violence.

5

The California statute under which Mr. Tlalpan was convicted provides as follows:

> Any person who willfully inflicts upon his or her spouse, or any person who willfully inflicts upon any person with whom he or she is cohabiting, or any person who willfully inflicts upon any person who is the mother or father of his or her child, corporal injury resulting in a traumatic condition, is guilty of a felony, and upon conviction thereof shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not more than one year, or by a fine of up to six thousand dollars ($6,000), or by both.

Cal. Penal Code § 273.5(a) (1994).[2]

Mr. Tlalpan argues that the IJ and the BIA should have analyzed § 273.5 under the "categorical approach" and the "modified categorical approach" discussed in *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013), to determine whether his state conviction was a crime of domestic violence. We agree with the Ninth Circuit's recent decision concluding that convictions under § 273.5(a) are indeed categorically crimes of domestic violence within the meaning of § 1227(a)(2)(E)(i). *Carrillo v. Holder*, 781 F.3d 1155, 1159 (9th Cir. 2015).[3] Accordingly, we reject Mr. Tlalpan's challenges to the BIA's determination that his conviction was a crime of domestic violence rendering him ineligible for cancellation of removal under §§ 1227(a)(2)(E)(i) and 1229b(b)(1)(C).

---

[2] Mr. Tlalpan was charged on August 7, 1996, and convicted on November 5, 1996. The version of § 273.5 then in effect was the 1994 version.

[3] *Carrillo* addressed the 2002 version of § 273.5(a), which is not materially different from the 1994 version applicable to Mr. Tlalpan's conviction. *Compare Carrillo v. Holder*, 781 F.3d 1155, 1158 (9th Cir. 2015) *with* 1994 Cal. Legis. Serv. 28 (West).

**B. Motion for Post-Conviction Relief**

Mr. Tlalpan also claims he is entitled to relief based on his state post-conviction challenge to his conviction under § 273.5. In that motion, he argued that he was denied effective assistance of counsel because his criminal defense attorney failed to advise him in 1996 of the immigration consequences of his guilty plea. *See Padilla v. Kentucky*, 559 U.S. 356, 374 (2010) (holding "counsel must inform her client whether his plea carries a risk of deportation"). This argument is foreclosed by *Vasiliu v. Holder*, 651 F.3d 1185 (10th Cir. 2011). There, we held that "the Supreme Court's decision in *Padilla* did not alter [the] rule" that "collateral challenges to predicate criminal convictions are beyond the scope of [removal] proceedings." *Id.* at 1187-88 (internal quotation marks omitted); *cf. Chaidez v. United States*, 133 S. Ct. 1103, 1113 (2013) (stating "defendants whose convictions became final prior to *Padilla* . . . cannot benefit from its holding"). Because Mr. Tlalpan's collateral challenge to his conviction under § 273.5 is beyond the scope of these proceedings, he is not entitled to relief on that basis.

**III.  CONCLUSION**

The petition for review is denied.

Entered for the Court

Gregory A. Phillips
Circuit Judge

7