**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE PRIMITIVO GOMEZ-DIAZ, | No. 12-72114 |
| Petitioner, | Agency No. A087-677-303 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2015[**]
San Francisco, California

Before: NOONAN, WARDLAW, and PAEZ, Circuit Judges.

Jose Primitivo Gomez-Diaz, a native and citizen of Mexico, petitions for

review of the decision of the Board of Immigration Appeals (BIA) affirming the

decision of the Immigration Judge (IJ) denying his applications for withholding of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal and relief under the Convention Against Torture (CAT).[1] Because the BIA adopted the IJ's decision while adding its own reasoning, we review both decisions. *Carrillo v. Holder*, 781 F.3d 1155, 1157 (9th Cir. 2015). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

1. The BIA and IJ did not err in finding Gomez-Diaz ineligible for withholding of removal. Gomez-Diaz claimed that he would face persecution in Mexico on the basis of his membership in a particular social group, gay men. *See Castro-Martinez v. Holder*, 674 F.3d 1073, 1080 (9th Cir. 2011). However, there is no evidence that Gomez-Diaz suffered past persecution "in the proposed country of removal." *Gonzalez-Medina v. Holder*, 641 F.3d 333, 338 (9th Cir. 2011). Although Gomez-Diaz experienced deplorable childhood sexual abuse in the United States, he did not provide any evidence "that Mexican authorities would have ignored the rape of a young child or that authorities were unable to provide a child protection against rape." *Castro-Martinez*, 674 F.3d at 1081. Nor did Gomez-Diaz establish that "the chance of future persecution" of him in Mexico "is 'more likely than not.'" *Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (quoting 8 C.F.R. § 208.16(b)(2)). Additionally, Gomez-Diaz did not demonstrate that he would suffer persecution if he moved to a part of Mexico that affords

---

[1] Gomez-Diaz concedes that his application for asylum is time-barred.

2

protections to LGBT individuals.  *See* 8 C.F.R. § 1208.13(b)(2)(ii).  Gomez-Diaz is therefore ineligible for withholding of removal.  *See* 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 1208.16(b).

2.  Substantial evidence supports the BIA's and IJ's determination that Gomez-Diaz is ineligible for CAT relief.  Although Gomez-Diaz provided "generalized evidence of violence and crime" against gay men in Mexico, he did not establish that "it is more likely than not that [he] would be tortured if returned to Mexico."  *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010); *see also* 8 C.F.R. § 208.16(c)(2).

**PETITION DENIED.**