**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERTO FRANCISCO RAMOS-PEREZ, AKA Juan Gervacio, AKA Juan Gervacio Lucas,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 14-72697<br><br>Agency No. A077-129-208<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2015[**]

Before:     WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

Roberto Francisco Ramos-Perez, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

voluntary departure. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and constitutional claims, *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005), and we deny the petition for review.

Ramos-Perez' contention that the agency erred and violated due process in allegedly pretermitting or denying his application for cancellation of removal is without merit. The record establishes that Ramos-Perez failed to apply for cancellation of removal and conceded through counsel that he was ineligible for such relief due to his 2002 conviction under Cal. Penal Code § 273.5(a). *See Carrillo v. Holder*, 781 F.3d 1155, 1157-60 (9th Cir. 2015) (Cal. Penal Code § 273.5(a) (2002) is categorically a crime of domestic violence under 8 U.S.C. § 1227(a)(2)(E)(i)); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, an alien must show error and prejudice).

**PETITION FOR REVIEW DENIED.**