**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTOR ALEXANDER LOPEZ-MARTINEZ, AKA Victor A. Lopez, AKA Victor Alexander Lopez, AKA Lopez-Hernandez, AKA Juan Jose Lopez-Martinez, AKA Maynor Martinez-Ropalo, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 14-72464 <br><br> Agency No. A205-319-067 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 26, 2016[**]

Before:     McKEOWN, WARDLAW, and PAEZ, Circuit Judges.

Victor Alexander Lopez-Martinez, a native and citizen of Honduras,

petitions for review of the Board of Immigration Appeals' order dismissing his

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

appeal from an immigration judge's decision finding him removable and statutorily ineligible for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law. *Coronado v. Holder*, 759 F.3d 977, 982 (9th Cir. 2014). We deny the petition for review.

The agency correctly concluded that Lopez-Martinez was ineligible for cancellation of removal based on his conviction for a crime of domestic violence under 8 U.S.C. § 1227(a)(2)(E)(i), where the record established that he had been convicted under California Penal Code § 273.5. *See* 8 U.S.C. § 1229b(b)(1)(C) (specifying classes of criminal convictions that preclude a grant of cancellation of removal); *Carrillo v. Holder*, 781 F.3d 1155, 1159 (9th Cir. 2015) ("[California Penal Code] § 273.5 is categorically a crime of domestic violence within the meaning of 8 U.S.C. § 1227(a)(2)(E)(i)"); 8 C.F.R. § 1003.41(d) (in addition to the conviction documents enumerated in the regulation, "[a]ny other evidence that reasonably indicates the existence of a criminal conviction may be admissible as evidence thereof"). Lopez-Martinez's contention that the conviction documents admitted as evidence did not establish his relationship to the victim is without merit because his conviction is categorically a crime of domestic violence. *See Carrillo*, 781 F.3d at 1159.

In light of our disposition, we do not reach Lopez-Martinez's contention regarding the burden of proof where the record of conviction is inconclusive.

**PETITION FOR REVIEW DENIED.**