NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 1 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ISMAEL HERNANDEZ, Petitioner, v. JEFFERSON B. SESSIONS III, Attorney General, Respondent. | No. 15-72564 Agency No. A088-913-748 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2017**

Before:    THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

Ismael Hernandez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") removal order pretermitting his application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

questions of law. *Hernandez-Mancilla v. Holder*, 633 F.3d 1182, 1184 (9th Cir. 2011). We review for abuse of discretion the denial of a continuance and review de novo due process challenges. *Singh v. Holder*, 638 F.3d 1264, 1269, 1274 (9th Cir. 2011). We deny in part and dismiss in part the petition for review.

The agency correctly concluded that Hernandez was ineligible for cancellation of removal based on his conviction for a crime of domestic violence, where the record established that he had been convicted under California Penal Code ("CPC") § 273.5(a). *See* 8 U.S.C. § 1229b(b)(1)(C) (to qualify for cancellation of removal, an alien cannot have been convicted of an offense under 8 U.S.C. § 1227(a)(2)); 8 U.S.C. § 1227(a)(2)(E)(i) (crimes of domestic violence are disqualifying); *Carillo v. Holder*, 781 F.3d 1155, 1157 (9th Cir. 2015) (a conviction under CPC § 273.5 is categorically a crime of domestic violence). Accordingly, the agency did not violate due process in pretermitting the application. *See* 8 C.F.R. § 1240.8(d) (alien has the burden of proof in establishing eligibility for relief from removal); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, an alien must show error and prejudice).

The agency did not abuse its discretion or violate due process in declining to grant Hernandez a continuance for failure to show good cause, where he had not shown he had applied for post-conviction relief and success on such relief was

speculative. *See* 8 C.F.R. § 1003.29; *Singh*, 638 F.3d at 1274 (IJ not required to grant a continuance based on speculation); *Garcia v. Lynch*, 798 F.3d 876, 881 (9th Cir. 2015) (no abuse of discretion to deny a continuance where petitioner already had six months to pursue post-conviction relief); *Lata*, 204 F.3d at 1246.

The agency also did not err or violate due process in declining to consider Hernandez's contentions regarding his criminal proceedings. *See Leal v. Holder*, 771 F.3d 1140, 1148 n.5 (9th Cir. 2014) (alien cannot collaterally attack a conviction in removal proceedings); *Lata*, 204 F.3d at 1246.

We lack jurisdiction to consider Hernandez's unexhausted contentions regarding a waiver under 8 U.S.C. §1227(a)(7)(A) and the applicability of 8 U.S.C. § 1227(a)(2)(E)(i). *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**