**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 15 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LINO PALAPA-CABRERRA, | No. 16-70050 |
| Petitioner, | Agency No. A205-716-864 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2018[**]

Before: RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Lino Palapa-Cabrerra, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' decision dismissing his appeal from an

immigration judge's order denying cancellation of removal and denying his motion

for a continuance. We have jurisdiction under 8 U.S.C. § 1252. We review de novo

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

questions of law. *Carrillo v. Holder*, 781 F.3d 1155, 1157 (9th Cir. 2015). We review for abuse of discretion the denial of a continuance. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We deny the petition for review.

The agency correctly concluded that Palapa-Cabrerra was ineligible for cancellation of removal, where the record established that he had been convicted of domestic violence under California Penal Code ("CPC") § 273.5(a). *See* 8 U.S.C. § 1229b(b)(1)(C) (to qualify for cancellation of removal, an alien cannot have been convicted of an offense under 8 U.S.C. § 1227(a)(2)); 8 U.S.C. § 1227(a)(2)(E)(i) (crimes of domestic violence are disqualifying); *Carrillo*, 781 F.3d at 1159 (CPC § 273.5(a) is a categorical crime of domestic violence). We reject Palapa-Cabrerra's contention that *Morales-Garcia v. Holder*, 567 F.3d 1058 (9th Cir. 2009), controls the result of his case. To the extent Palapa-Cabrerra contends the court should overrule *Carrillo*, this panel lacks authority to do so. *See De Mercado v. Mukasey*, 566 F.3d 810, 816 (9th Cir. 2008) (a three-judge panel lacks authority to overrule prior precedent).

The agency did not abuse its discretion in denying Palapa-Cabrerra's request for a continuance to determine whether to seek voluntary departure, where he was given four and a half months to prepare and file any and all applications for relief. *See Ahmed*, 569 F.3d at 1012 (listing factors to consider when reviewing the denial of a continuance, including the reasonableness of the petitioner's conduct).

**PETITION FOR REVIEW DENIED.**

2