**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

JUL 17 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GREGORIO TORRES-PEREZ, AKA
Gregorio Torres,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    18-70102

Agency No. A208-362-631

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 15, 2019[**]

Before:    SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

Gregorio Torres-Perez, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision pretermitting his application for cancellation of

removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review de novo

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

questions of law. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

The agency did not err or violate due process in pretermitting Torres-Perez's application for cancellation of removal based on his conviction for a crime of domestic violence, where the record established that he had been convicted under California Penal Code § 273.5(a). *See* 8 U.S.C. §§ 1229b(b)(1)(C), 1227(a)(2)(E)(i) (specifying crimes of domestic violence as barring eligibility for cancellation); *Carrillo v. Holder*, 781 F.3d 1155, 1159-60 (9th Cir. 2015) (holding that § 273.5(a) is categorically a crime of domestic violence); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, an alien must show error and prejudice).

Torres-Perez's contentions that the agency violated due process in not allowing him to file a brief regarding eligibility for cancellation of removal, or otherwise consider whether he qualifies for a domestic violence waiver under 8 U.S.C. § 1227(a)(7), fail for lack of prejudice. *See Lata*, 204 F.3d at 1246.

Torres-Perez's motion for summary disposition or remand (Docket Entry No. 16) is denied. *See Karingithi v. Whitaker*, 913 F.3d 1158, 1160-62 (9th Cir. 2019) (initial notice to appear need not include time and date information to vest jurisdiction in the immigration court).

**PETITION FOR REVIEW DENIED.**

18-70102