**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**FILED**

FEB 17 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GREGORIO CORAZON VENTURA-FLORES, AKA Flores Genaro Alejandro, AKA Jorge Flores,<br><br>            Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>            Respondent. | No.   19-71179<br><br>Agency No. A208-308-144<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2022**
San Francisco, California

Before: GOULD and RAWLINSON, Circuit Judges, and ADELMAN,*** District Judge.

Petitioner Gregorio Corazon Ventura-Flores seeks review of a decision by

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*    The Honorable Lynn S. Adelman, United States District Judge for the Eastern District of Wisconsin, sitting by designation.

the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's denial of his application for cancellation of removal. The BIA affirmed the Immigration Judge's finding that Ventura-Flores was ineligible for cancellation of removal pursuant to section 240A(b) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229b(b)(1)(A)–(D). Specifically, Ventura-Flores failed to establish that he has not been convicted of a crime of domestic violence, which disqualifies an application for cancellation of removal. *See* § 1229b(b)(1)(C); § 1227(a)(2)(E)(i).

Ventura-Flores is a native and citizen of Mexico who entered the United States in 2003 without admission or parole. The Department of Homeland Security ("DHS") started removal proceedings against him in 2016. Ventura-Flores admitted the factual allegations against him and conceded removability. He sought cancellation of removal or, in the alternative, voluntary departure.

DHS submitted a criminal record ("rap sheet") obtained from the Federal Bureau of Investigation ("FBI") which had Ventura-Flores's fingerprints. The rap sheet contained convictions for an individual with a different name and birth date than that in his application for cancellation of removal: "Jorge Flores" with a birth date of May 22, 1973, in the rap sheet, and "Gregorio Corazon Ventura-Flores" with a birth date of May 25, 1972, in his application for cancellation of removal. The convictions in the rap sheet included a state court conviction from 2000 for

willful infliction of corporal injury to spouse or cohabitant, in violation of California Penal Code § 273.5(a). We have held that a violation of CPC § 273.5(a) is categorically a crime of domestic violence and disqualifies a noncitizen from being eligible for cancellation of removal. *Carrillo v. Holder*, 781 F.3d 1155, 1159–60 (9th Cir. 2015).

The Immigration Judge denied Ventura-Flores's application for cancellation of removal. At the hearing, Ventura-Flores's attorney conceded that "because of the fingerprints" the rap sheet "is not contestable," and he had no other objections to its admission.

The BIA dismissed Ventura-Flores's appeal of the Immigration Judge's decision, concluding that "the record contains evidence from which a reasonable factfinder could conclude" that Ventura-Flores was convicted of violating CPC § 273.5(a) and consequently was ineligible for cancellation of removal. In reaching this conclusion, the BIA, like the Immigration Judge, emphasized that the name listed on the rap sheet matched one of Ventura-Flores's known aliases, the rap sheet was procured through a fingerprint-based FBI file number, and the name and birth date, while different from what was on Ventura-Flores's application for cancellation of removal, matched those in the records he provided for a different conviction as part of his application. Emphasizing that the burden of proving eligibility for cancellation of removal is Ventura-Flores's to bear, the BIA rejected

3

his argument that it was impossible for him to prove the absence of a disqualifying conviction because California had destroyed the state court records for the conviction at issue.

Ventura-Flores filed this petition for review, alleging that the BIA denied him due process by relying on the FBI rap sheet even though the identity on the rap sheet differed from that in his application and the state records for the conviction were destroyed. We generally lack jurisdiction to review the BIA's denials of discretionary relief but retain jurisdiction to review questions of law. *See* 8 U.S.C. § 1252(a)(2)(D); *Bonilla v. Lynch*, 840 F.3d 575 (9th Cir. 2016).

1. The BIA did not err in concluding that Ventura-Flores was ineligible for cancellation of removal. The rap sheet was properly admitted pursuant to 8 C.F.R. § 1003.41(d) and contains sufficient indicia of reliability. *See Sinotes-Cruz v. Gonzales*, 468 F.3d 1190, 1196 (9th Cir. 2006); *Padilla-Martinez v. Holder*, 770 F.3d 825, 833 (9th Cir. 2014). DHS confirmed the rap sheet was acquired using Ventura-Flores's fingerprints and associated FBI number. Though it contained a different name and birth date from what Ventura-Flores provided in his application for cancellation of removal, it matched the name and birth date in the documents he provided with his application, and he included the other name as a known alias in his application. As the BIA found, this evidence could lead a reasonable

4

factfinder to conclude that Ventura-Flores was convicted of the offense contained in the rap sheet.

2. The BIA did not err in concluding that the burden of proving eligibility for cancellation of removal falls on Ventura-Flores. The INA unambiguously provides that a noncitizen applying for relief from removal "has the burden of proof to establish" that the noncitizen "satisfies the applicable eligibility requirements." § 1229a(c)(4)(A). The Supreme Court recently clarified that any ambiguity or incompleteness in the record—unfairly or not—works against the noncitizen applying for discretionary relief from removal. *Pereida v. Wilkinson*, 141 S. Ct. 754, 767 (2021).

3. We deny Ventura-Flores's due process claim because he does not have a liberty interest in discretionary relief from removal, and he did not show error and prejudice. While due process entitles noncitizens to a "full and fair hearing" in deportation proceedings, noncitizens do not have an enforceable liberty interest in privileges created by Congress, including cancellation of removal. *Mendez-Garcia v. Lynch*, 840 F.3d 655, 665 (9th Cir. 2016). Nor has he shown substantial prejudice. *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000). He has not demonstrated how the information in the purged state court documents would have established that the individual in those records is not him.

**PETITION DENIED.**

5