NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 10 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMIE OVIEDO GARCIA, AKA Jamie Oviedo, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.  17-71700 <br><br> Agency No. 077-284-059 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2022**
Pasadena, California

Before:  WARDLAW and BENNETT, Circuit Judges, and KATZMANN,***
Judge.

Jamie Oviedo Garcia, a native and citizen of Mexico, challenges the decision

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Gary S. Katzmann, Judge for the United States Court of International Trade, sitting by designation.

of the Board of Immigration Appeals ("BIA") dismissing his appeal of the Immigration Judge's ("IJ's") denial of his claims for asylum, withholding of removal, cancellation of removal, and protection under the Convention Against Torture ("CAT"). Exercising our jurisdiction under 8 U.S.C. § 1252(a)(1), we dismiss the petition in part and deny it in part.

As a threshold matter, we lack jurisdiction to consider Oviedo Garcia's argument that changed circumstances excuse his belated application for asylum. *See Gasparyan v. Holder*, 707 F.3d 1130, 1134 (9th Cir. 2013) ("Our jurisdiction to review mixed questions of law and fact is limited to instances where the underlying facts are 'undisputed.'" (quoting *Husyev v. Mukasey*, 528 F.3d 1172, 1178–79 (9th Cir. 2008))). The IJ pretermitted and denied Oviedo's asylum application because it rejected the facts underlying his changed circumstances argument as unreliable and unpersuasive. The BIA affirmed. Here, the evidence demonstrating Oviedo's alleged changed circumstances is disputed by both parties, and was rejected as not credible by the BIA and IJ. We therefore lack jurisdiction over the BIA's decision to pretermit Oviedo's asylum application on the basis of his failure to show changed circumstances.[1]

---

[1] Even a de novo review of the BIA's application of the law to the *undisputed* facts alone likewise supports denial of Oviedo's petition for review. In light of the various factors underlying the agency's adverse credibility determinations, discussed below, the record "does not compel the conclusion that [Oviedo] has shown 'changed circumstances' so that [his] asylum application should have been

2

With respect to Oviedo's argument that his application for cancellation of removal was improperly pretermitted, we affirm the decision of the BIA. The Immigration and Nationality Act expressly provides that the IJ or BIA may only cancel the removal of an individual who "has not been convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3) of [8 U.S.C.]." 8 U.S.C. § 1229b(b)(1)(C). We have previously held that a crime of domestic violence under California Penal Code § 273.5 is "categorically a crime of domestic violence within the meaning of [8 U.S.C.] § 1227(a)(2)(E)(i)." *Carrillo v. Holder*, 781 F.3d 1155, 1159 (9th Cir. 2015). Because Oviedo has not disputed his prior conviction for a crime of domestic violence under § 273.5, he is categorically ineligible for cancellation of removal pursuant to 8 U.S.C. § 1229b(b). The BIA therefore properly pretermitted and denied his application.

Oviedo's remaining claims for withholding of removal and CAT protection are foreclosed by the agency's adverse credibility determinations. We review such determinations for substantial evidence, considering "the 'totality of the circumstances[] and all relevant factors.'" *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)) (alteration in original). The BIA's findings of fact are likewise reviewed for substantial

---

considered notwithstanding its late filing." *Ramadan v. Gonzales*, 479 F.3d 646, 657 (9th Cir. 2007).

evidence, and must be upheld "unless the evidence compels a contrary result." *Monjaraz-Munoz v. INS*, 327 F.3d 892, 895 (9th Cir. 2003) (citations omitted).

So long as an adverse credibility determination reflects "a reasoned analysis of the evidence as a whole," it may be based upon "any . . . relevant factor." *Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014) (first quoting *Tamang v. Holder*, 598 F.3d 1089, 1093 (9th Cir. 2010); then quoting 8 U.S.C. § 1158(b)(1)(B)(iii); and then quoting *Shrestha v. Holder,* 590 F.3d 1034, 1040 (9th Cir. 2010)). Such factors include "the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement . . . and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii).

The agency's adverse credibility determinations were based on the numerous inconsistencies between Oviedo's written and oral testimony, as well as his failure to adequately explain those inconsistencies.[2] For example, Oviedo testified before the IJ that his brother-in-law Fernando and nephew Oscar were kidnapped "when

[2] Where, as here, "'the BIA reviewed the IJ's credibility-based decision for clear error and relied upon the IJ's opinion as a statement of reasons but did not merely provide a boilerplate opinion,' we review 'the reasons explicitly identified by the BIA, and then examine the reasoning articulated in the IJ's . . . decision in support of those reasons.'" *Kumar v. Garland*, 18 F.4th 1148, 1152–53 (9th Cir. 2021) (quoting *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014)).

they went to get firewood." However, in his previous declaration to the court, he indicated that the kidnapping took place while the victims were "on the way to work." Likewise, Oviedo stated variously that the only victims were Fernando and Oscar, and that Fernando, Oscar, and two additional family members (a young man named Luis and his father) were all kidnapped. Nor could Oviedo consistently identify who perpetrated the kidnapping, who was released and when, or how much ransom money he or his family members paid. With respect to each of these inconsistencies, the IJ found (and the BIA affirmed) that Oviedo had provided no reasonable explanation for his changing testimony.

In light of the foregoing, we are not compelled to conclude that Oviedo's testimony was sufficiently credible to carry his burden of proof for withholding of removal or CAT protection. 8 U.S.C. § 1158(b)(1)(B)(ii).

**PETITION DISMISSED IN PART AND DENIED IN PART.**