**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 23 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE MELCHOR-BAZA, | No. 18-71531 |
| Petitioner, | |
| v. | Agency No. A200-567-095 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 19, 2023**
Phoenix, Arizona

Before: NGUYEN, COLLINS, and LEE, Circuit Judges.

Jose Melchor-Baza, a citizen of Mexico, petitions for review of the decision

of the Board of Immigration Appeals ("BIA") denying his motion to reconsider its

denial of his motion to reopen his removal proceedings. Because Melchor-Baza's

motion related solely to his application for cancellation of removal under § 240A

of the Immigration and Nationality Act ("INA"), our jurisdiction is limited to

"review of constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D);

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral
argument. *See* FED. R. APP. P. 34(a)(2)(C).

*see also id.* § 1252(a)(2)(B)(i); *Patel v. Garland*, 142 S. Ct. 1614, 1623–27 (2022). We deny the petition.

In his removal proceedings, Melchor-Baza was found to be removable under INA § 212(a)(6)(A)(i) based on his being present in the United States without being admitted or paroled. *See* 8 U.S.C. § 1182(a)(6)(A)(i). He sought cancellation of removal under INA § 240A, but that application was ultimately denied on the ground that his 1997 conviction under California Penal Code § 273.5(a) categorically constituted a "crime of domestic violence" within the meaning of INA § 237(a)(2)(E)(i), *see* 8 U.S.C. § 1227(a)(2)(E)(i), and thereby rendered him statutorily ineligible for cancellation of removal under INA § 240A(b)(1)(C), *see* 8 U.S.C. § 1229b(b)(1)(C); *see also Carrillo v. Holder*, 781 F.3d 1155, 1159 (9th Cir. 2015) (holding that California Penal Code § 273.5 "is categorically a crime of domestic violence under § 1227(a)(2)(E)(i)").

After a California state court vacated his § 273.5 conviction in March 2017, Melchor-Baza filed a motion to reopen his case with the BIA, arguing that he was now eligible for cancellation of removal. The BIA denied Melchor-Baza's motion on the ground that the limited materials submitted with the motion failed to carry his burden to demonstrate that his conviction had been vacated because of a substantive or procedural defect in the underlying criminal proceedings rather than rehabilitative or immigration-related reasons. *See Ballinas-Lucero v. Garland*, 44

2

F.4th 1169, 1177 (9th Cir. 2022) ("When, after reviewing the state court record, it is determined that 'the quashing of the conviction was not based on a defect in the conviction or in the proceedings underlying the conviction, but instead appears to have been entered solely for immigration purposes,' the conviction remains valid in immigration proceedings." (citation omitted)).  Melchor-Baza moved for reconsideration, arguing that, under *Nath v. Gonzalez*, 467 F.3d 1185, 1188–89 (9th Cir. 2006), it was the *Government's* burden to show that the conviction was not set aside solely for rehabilitative reasons.  The BIA denied the motion, holding that *Nath* was distinguishable because it "deals with the burden of proof for purposes of removability and termination of proceedings as opposed to the burden of proof for purposes of eligibility for discretionary relief."

In *Ballinas-Lucero*, we squarely held that "an applicant for cancellation of removal bears the burden of proving that a state-court conviction was vacated because of a substantive or procedural defect in the criminal proceedings, and not solely for immigration purposes or for rehabilitative or equitable reasons."  44 F.4th at 1171–72.  The BIA therefore did not commit legal error in placing the burden of proof with respect to that issue on Melchor-Baza.

**PETITION DENIED.**

3