**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GELASIO VERA CARREON,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-1124

Agency No.
A205-313-869

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 4, 2024**
Pasadena, California

Before: WARDLAW, HURWITZ, and DESAI, Circuit Judges.

Gelasio Vera Carreon ("Vera"), a native and citizen of Mexico, petitions for

review of a Board of Immigration Appeals ("BIA") decision denying his motion to

terminate removal proceedings for lack of jurisdiction and dismissing an appeal from

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

the denial by an immigration judge ("IJ") of his applications for cancellation of removal, asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's denial of a motion to terminate removal proceedings for abuse of discretion. *Dominguez v. Barr*, 975 F.3d 725, 734 (9th Cir. 2010). We review de novo "whether a conviction constitutes a removable offense under the Immigration and Nationality Act." *Carillo v. Holder*, 781 F.3d 1155, 1157 (9th Cir. 2015) (quoting *Szalai v. Holder*, 572 F.3d 975, 978 (9th Cir. 2009) (per curiam)). We review the BIA's denial of asylum, withholding of removal, and CAT relief for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We deny the petition.[1]

1.     The BIA did not abuse its discretion in denying Vera's motion to terminate proceedings for lack of jurisdiction. Vera contends that his statutorily deficient Notice to Appear ("NTA") deprived the immigration court of jurisdiction, but *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1190–94 (9th Cir. 2022) (en banc), forecloses that argument.

2.     The BIA did not err in denying Vera's application for cancellation of removal. Vera's conviction for corporal injury on a spouse or cohabitant under

---

[1]     We deny Vera's petition for initial hearing en banc, Dkt. 16. We also deny his motion to stay removal, Dkt. 3, as moot.

California Penal Code § 273.5(a) is categorically a crime of domestic violence under 8 U.S.C. § 1227(a)(2)(E)(i), *Carillo*, 781 F.3d at 1158–59, and thus, Vera is ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(c).

3.    Substantial evidence supports the BIA's finding that Vera is ineligible for asylum and withholding of removal because he failed to establish past persecution or a well-founded fear of future persecution. Vera never personally experienced physical violence while living in Mexico. *See Nagoulko v. I.N.S.*, 333 F.3d 1012, 1016 (9th Cir. 2003) ("[I]t is significant that [petitioner] never suffered any significant physical violence."). Vera testified that several family members were murdered but offered no evidence that these murders were "part of a pattern of persecution closely tied to [Vera] himself." *Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (cleaned up). Indeed, Vera testified that his father was killed out of "jealousy" and "greed," and his cousin was killed for "money."

Vera also testified about attempted extortions for money. But "[m]ere threats, without more, do not necessarily compel a finding of past persecution." *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1179 (9th Cir. 2021); *see Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000). There is no evidence that the attempted extortions were connected to one another, motivated by Vera's membership in his proposed particular social groups, or followed by acts of violence either against Vera or his family members. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003)

(finding "unfulfilled threats" to constitute "harassment rather than persecution").

The record also does not compel a conclusion that Vera has demonstrated an objectively reasonable fear of future persecution. *See Sharma v. Garland*, 9 F.4th 1052, 1065 (9th Cir. 2021) (recognizing that even when a petitioner does not show past persecution, a petitioner "might nevertheless be eligible for relief if he instead shows a well-founded fear of future persecution" that is "objectively reasonable" (cleaned up)). Vera testified that he fears the perpetrators of his family members' murders and the men who extorted him for money, but he offered no evidence that these perpetrators maintain an interest in him. *See id.* (upholding agency decision because "there is an insufficient basis in the record to conclude that [the perpetrator] and his followers would have a continuing interest" in the petitioner).

4.      Substantial evidence also supports the BIA's finding that Vera failed to establish eligibility for CAT protection. A petitioner seeking CAT protection must show that it is more likely than not he will be subjected to torture by or with the acquiescence of a public official if removed to his native country. *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). Because the harm Vera has suffered does not rise to the level of persecution, "it necessarily falls short of the definition of torture." *Sharma*, 9 F.4th at 1067. Further, Vera's "generalized evidence of violence and crime in Mexico is not particular to [him]," and so a reasonable factfinder would not be compelled to find Vera eligible for CAT protection.

*Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam).

The petition is **DENIED.**