**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEON BAHENA-OLEA, | No. 17-72068 |
| Petitioner, | Agency No. A205-318-146 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2018[**]

Before:    CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

Leon Bahena-Olea, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his applications for asylum,

withholding of removal, relief under the Convention Against Torture ("CAT"), and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, and we review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The record does not compel the conclusion that Bahena-Olea established an extraordinary circumstance to excuse his untimely asylum application. *See* 8 U.S.C. § 1158(a)(2)(D); 8 C.F.R. § 1208.4(a)(5).

Bahena-Olea does not raise, and therefore he has waived, any challenge to the agency's determination that he failed to establish nexus to any protected ground. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver). In light of this disposition, we do not reach Bahena-Olea's contentions regarding the cognizability of his proposed social group. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to reach non-dispositive issues).

Substantial evidence also supports the agency's denial of CAT relief, where Bahena-Olea failed to show that it is more likely than not he would be tortured by or with the acquiescence of a government official in Mexico. *See* 8 C.F.R. § 1208.18(a)(1); *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1230 (9th Cir. 2016) (applicants fail to meet their burden for CAT relief if they "have not shown they

are any more likely to be victims of violence and crimes than the populace as a whole in Mexico[.]”).

The agency did not err in determining that Bahena-Olea's conviction under California Penal Code § 273.5(a) rendered him ineligible for cancellation of removal. *See Carrillo v. Holder*, 781 F.3d 1155, 1159-60 (9th Cir. 2015), *cert. denied sub nom. Marquez Carrillo v. Lynch*, 136 S. Ct. 1217 (2016) (holding that § 273.5(a) is categorically a crime of domestic violence); *see also* 8 U.S.C. §§ 1229b(b)(1)(C), 1227(a)(2)(E)(i).

We lack jurisdiction to consider Bahena-Olea's request for prosecutorial discretion. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**