NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

AUG 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUAN CHILEL-CHILEL, AKA Juan Chelal, AKA Juan Chelal Chelal, AKA Juan Chilel, AKA J. Chilel Gonsales, AKA J. Chilel Gonsalez, AKA Tomas Chilel Gonzales, AKA Chilel Lopez,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.     15-71598

Agency No. A079-007-948

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019**

Before: THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Juan Chilel-Chilel ("Chilel-Chilel"), a native and citizen of Guatemala,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing Chilel-Chilel's appeal from an immigration judge's ("IJ") decision

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denying Chilel-Chilel's application for asylum, withholding of removal, relief under the Convention Against Torture ("CAT"), and cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

Where, as here, the BIA adopts the IJ's reasoning, we review both the IJ's and BIA's decisions. *Alanniz v. Barr*, 924 F.3d 1061, 1065 (9th Cir. 2019). We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).

Chilel-Chilel waived his asylum claim before this court. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

The BIA did not err in finding that Chilel-Chilel did not establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). Substantial evidence supports the agency's

conclusion that Chilel-Chilel otherwise failed to establish he would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Our conclusion is not affected by the differing nexus standards applicable to asylum and withholding of removal claims. *Cf. Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (discussing *Zetino v. Holder* having drawn no distinction between the standards where there was no nexus at all to a protected ground). Thus, Chilel-Chilel's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT relief because Chilel-Chilel failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The agency correctly concluded that Chilel-Chilel is statutorily ineligible for cancellation of removal pursuant to INA § 240A(b)(1)(C), 8 U.S.C. § 1229b(b)(1)(C), because he was convicted under the California Penal Code § 273.5(a), which "is categorically a crime of domestic violence within the meaning of § 1227(a)(2)(E)(i)." *Carrillo v. Holder*, 781 F.3d 1155, 1159 (9th Cir. 2015).

**PETITION FOR REVIEW DENIED.**