**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NELSON SAUL GONSALEZ PADILLA, | No.   19-72089 |
| Petitioner, | Agency No. A205-311-768 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 8, 2020**
Pasadena, California

Before:  HURWITZ, BRESS, and BUMATAY, Circuit Judges.

An immigration judge ("IJ") ordered Nelson Saul Gonsalez Padilla removed

for being an "alien present in the United States without being admitted or paroled."

8 U.S.C. § 1182(a)(6)(A)(i).  Padilla conceded removability but unsuccessfully

sought asylum, withholding of removal, protection under the Convention Against

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"), and cancellation of removal. The Board of Immigration Appeals ("BIA") dismissed Padilla's appeal. We deny Padilla's petition for review.

1. Asylum applications must be filed within one year of the alien's arrival to the United States. 8 U.S.C. § 1158(a)(2)(B). Padilla arrived in October 2002 but did not file an application until February 2014. Although an untimely application can be excused if the applicant shows "changed circumstances which materially affect [his] eligibility for asylum," 8 U.S.C. § 1158(a)(2)(D), substantial evidence supports the BIA's determination that Padilla has not made that showing here. *See Al Ramahi v. Holder*, 725 F.3d 1133, 1137–38 (9th Cir. 2013) (reviewing for substantial evidence).[1] The evidence relied on by Padilla simply describes the conditions of Honduras and Guatemala and the generalized violence those countries experience. For example, Padilla references a report of a "spike in homicide rates" in Guatemala. But substantial evidence supports the BIA's conclusion that this does not represent a "material change" in conditions. Nor is the fact that Padilla was placed into removal proceedings a "changed circumstance," which refers to "circumstances materially affecting the applicant's *eligibility* for asylum." 8 C.F.R. § 1208.4(a)(4)(i) (emphasis added). That Padilla

---

[1] We have jurisdiction over petitions for review of the "BIA's application of the changed or extraordinary circumstances exception when the historical facts are undisputed." *Al Ramahi*, 725 F.3d at 1138 (citing *Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007)). Here, the underlying facts are not in dispute.

claims he became more acutely aware of the fact that he might be deported after the initiation of removal proceedings does not affect his eligibility for asylum.

2.     For withholding of removal, Padilla had to demonstrate that he would more likely than not face persecution on account of his "membership in a particular social group." *Barajas-Romero v. Lynch*, 846 F.3d 351, 357 (9th Cir. 2017). Substantial evidence supports the BIA's determination that neither of Padilla's proposed social groups—"family members of individuals extorted by the 18th Street gang" in Honduras and "Honduran nationals who relocate to Guatemala and open their own business there"—are "'sufficiently distinct that the group would be recognized, in the society in question, as a discrete class of persons.'" *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc) (quoting *Matter of S-E-G-*, 24 I. & N. Dec. 579, 584 (BIA 2008)); *see also Diaz-Torres v. Barr*, 963 F.3d 976, 980 (9th Cir. 2020) (finding relevant "[e]vidence such as country conditions reports, expert witness testimony, and press accounts of discriminatory laws and policies, historical animosities, and the like" to establish "distinct" group exists).[2]

Substantial evidence also supports the BIA's conclusion that any persecution

---

[2] Padilla's reliance on *Rios v. Lynch*, 807 F.3d 1123 (9th Cir. 2015), is unavailing. In *Rios,* we merely recognized that "family" could be the basis of a particular social group and it was error to not even consider it. 807 F.3d at 1128. Here, the BIA considered Padilla's family-based social group and concluded he did not sufficiently establish particularity.

was not on account of Padilla's membership in a proposed social group. The evidence does not compel the conclusion that membership in these groups motivated the gang violence Padilla experienced. *Barajas-Romero*, 846 F.3d at 358–59 (holding that persecution must be motivated "at least in part" by the protected ground for withholding of removal claim). Nothing compels us to contradict the BIA's conclusion that Padilla was subjected to harm from "gang violence or criminal activity." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

3.    Substantial evidence also supports the BIA's determination that, for purposes of CAT relief, Padilla has not shown that it is "more likely than not" that he would be "tortured if removed" to Honduras or Guatemala. *Unuakhaulu v. Gonzales*, 416 F.3d 931, 939 (9th Cir. 2005). Although Padilla relies on two beatings at the hands of gang members in Honduras and Guatemala to establish past torture, he presents no evidence he was targeted for the beatings by gangs. "[G]eneralized evidence of violence and crime" in the country of removal is insufficient to establish eligibility for CAT protection. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (finding petitioners' generalized evidence of violent crime "not particular" to petitioners and insufficient to establish CAT

4

eligibility).[3]

4. Padilla is ineligible for cancellation of removal because of his prior conviction under California Penal Code § 273.5 for "willfully inflict[ing] corporal injury" on his partner. *See Carrillo v. Holder*, 781 F.3d 1155, 1157–59 (9th Cir. 2015) (holding that Cal. Penal Code § 273.5 is categorically a "crime of domestic violence" under 8 U.S.C. § 1227(a)(2)(E)(i)).

Padilla's petition for review is **DENIED**. Padilla's motion for a stay of removal pending this court's decision is **DENIED as MOOT**.

---

[3] Even if he could show a likelihood of torture, substantial evidence also supports the BIA's determination that Padilla has not shown government acquiescence, since his own evidence indicates that the police in both countries took action to investigate the crimes after he reported them. *See Barajas-Romero*, 846 F.3d at 363 ("CAT relief is unavailable, despite a likelihood of torture, without evidence that the police are unwilling or unable to oppose the crime, not just that they are unable to solve it[.]").