**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS ROBLES MIRANDA,<br><br>           Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>           Respondent. | No.   19-72243<br><br>Agency No. A097-562-066<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2021[**]
San Francisco, California

Before:  WALLACE, NGUYEN, and COLLINS, Circuit Judges.

Carlos Robles Miranda, a native and citizen of Mexico, petitions for review

of a decision of the Board of Immigration Appeals ("BIA") affirming the

immigration judge's ("IJ") denial of cancellation of removal, withholding of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1.     Robles Miranda argues that under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), his Notice to Appear ("NTA") did not vest jurisdiction with the immigration court because it lacked the address of the immigration court where the NTA was filed, as required by 8 C.F.R. § 1003.15(b). We have held, however, that *Pereira* "simply has no application" to the question of immigration court jurisdiction. *Karingithi v. Whitaker*, 913 F.3d 1158, 1161 (9th Cir. 2019). Moreover, an NTA may vest jurisdiction when it lacks the time and date of the initial removal hearing, *id.* at 1160–62, and when it lacks the address of the immigration court where the NTA is filed, *Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020).

2.     Under 8 U.S.C. § 1229b(b)(1)(C), any noncitizen convicted of a crime of domestic violence is ineligible for cancellation of removal. "'[C]rime of domestic violence' means any crime of violence (as defined in [18 U.S.C. § 16]) against a person committed by" a domestic partner. 8 U.S.C. § 1227(a)(2)(E)(i). Robles Miranda is ineligible for cancellation of removal because he was convicted under California Penal Code ("CPC") § 273.5, which is categorically a crime of domestic violence within the meaning of 8 U.S.C. § 1227(a)(2)(E)(i). *Carrillo v. Holder*, 781 F.3d 1155, 1159 (9th Cir. 2015) (holding that CPC § 273.5's

application to violence against "cohabitants" does not render the statute broader than the generic offense).

3.    Robles Miranda has not met his burden to show that "Mexican males returning from the United States perceived with wealth" is a sufficiently socially distinct or particularized group.  We have recently held that a nearly identical (albeit gender neutral) group was too broad to be cognizable.  *Barbosa v. Barr*, 926 F.3d 1053, 1059–60 (9th Cir. 2019) ("individuals returning to Mexico from the United States who are believed to be wealthy" (cleaned up)); *see also Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (same, as to "returning Mexicans from the United States"); *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) (same, as to "imputed wealthy Americans" returning to Mexico).  Moreover, the record evidence does not show that returnees (male, perceived wealthy, or otherwise) are recognized as a particular social group by Mexican society as a whole or by potential persecutors.

4.    Substantial evidence supports the IJ's denial of relief under the CAT.  The BIA acknowledged that Robles Miranda offered evidence of government acquiescence in violent crimes, but it affirmed the IJ's finding that Robles Miranda had not shown that he suffered past torture or that he was more likely than not to be tortured in Mexico.  The record does not compel a contrary conclusion.

**PETITION DENIED.**

3