Filed 6/23/21  P. v. Casas CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B301841 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA049029) |
| v. | |
| EDGAR R. CASAS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Michael Villalobos, Judge.  Affirmed.

Law Offices of Michael Poole and Michael Poole for Defendant and Appellant.

Xavier Becerra, Attorney General, Matthew Rodriquez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Paul M. Roadarmel, Jr., and Steven D. Matthews, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Edgar R. Casas (defendant) appeals from an order denying a Penal Code[1] section 1473.7 motion to vacate his 2002 guilty plea to willful infliction of corporal injury to a spouse (§ 273.5, subd. (a)) and dissuading a witness by force or threat (§ 136.1, subd. (c)(1)). We affirm the trial court's order.

## FACTUAL BACKGROUND[2]

On March 2, 2002, Pam V., the mother of defendant's two minor children, went to defendant's home at his request. When Pam and the children arrived, defendant appeared to be under the influence of methamphetamine. Defendant left the home without explanation, and Pam and the children went to bed. Approximately 45 minutes later, defendant returned. An argument ensued that escalated into a physical altercation. Defendant grabbed Pam by the front of her shirt and punched her in the stomach three times. He then grabbed Pam's hair and punched her in the face and on the right cheek. Defendant's brother entered the room and separated defendant from Pam, who left with the children and called the police. Pam obtained an emergency protective order that evening.

Defendant was arrested a few days later. Despite the protective order, defendant called Pam and urged her to lie to his probation officer about the assault. In multiple subsequent telephone calls, defendant told Pam that he did not want to go to jail and threatened her by stating, "Snitches end up in ditches,"

---

[1]     All further statutory references are to the Penal Code unless otherwise noted.

[2]     The factual background is taken from the trial court's August 19, 2019 order denying defendant's motion to vacate.

and "My mom hurts because I go to jail, your mom's going to hurt too." Pam was afraid of defendant, as he had told her in the past that he was a member of the 18th Street gang.

## PROCEDURAL HISTORY

### Charged crimes and plea

An information filed by the Los Angeles County District Attorney charged defendant with corporal injury to a spouse, in violation of section 273.5, subdivision (a) (count 1), and dissuading a victim by force, in violation of section 136.1,subdivision (c)(1) (count 2). The information further alleged as to count 1 that defendant had a prior misdemeanor conviction for domestic violence within the past seven years. As to count 2, the information alleged that defendant had a prior conviction for a serious or violent felony under sections 1170.12, subdivisions (a) through (d), and 667, subdivisions (b) through (i), and pursuant to section 12022.1; and that defendant was released from custody on bail on his own recognizance at the time of the offense.

Defendant initially pleaded not guilty and denied all allegations. He thereafter retained private counsel.

On July 2, 2002, defendant withdrew his previous not guilty plea, and pled guilty to both counts. Pursuant to the terms of his plea agreement, defendant was sentenced to three years in state prison, consisting of the low term of two years on count 1, and one year (one-third of the three-year midterm) on count 2. The prior conviction allegation for violation of section 245, subdivision (a)(1) was reduced to a misdemeanor, and the allegation pursuant to section 12022.1 was dismissed.

**Motion to vacate**

On April 9, 2018, defendant filed a motion to withdraw his plea pursuant to section 1473.7. In a declaration accompanying his motion, defendant stated that he had entered the guilty plea without understanding the immigration consequences of the plea and that he would not have entered into the plea agreement had he known he could be subject to an immigration bar. The People opposed the motion.

Defendant and his counsel, Sylvan Daroca both testified at the July 12, 2019 hearing on the motion to vacate. Daroca testified that although he had no independent recollection of his discussions with defendant at the time of the 2002 guilty plea, it was Daroca's general practice in 2002 to give his clients the standard section 1016.5 immigration advisement. After hearing argument from the parties, the trial court took the matter under submission.

On August 19, 2019, the trial court issued an order denying the motion. The trial court found, based on the reporter's transcript of defendant's 2002 plea proceeding, that defendant had been advised of the adverse immigration consequences of his plea pursuant to section 1016.5. The trial court rejected as not credible defendant's claims that he was unaware of the immigration consequences of his plea and that he would not have pled guilty had he known he would be deported or subject to an immigration bar. The trial court noted that defendant had three previous convictions: a 1989 conviction for reckless driving involving alcohol, a 1996 misdemeanor conviction for domestic violence, and a 2001 felony conviction for possession of an assault weapon, and a misdemeanor conviction for assault with a deadly weapon; and in all three cases, defendant was advised of the

4

adverse immigration consequences of a guilty plea pursuant to section 1016.5.  The trial court rejected as not credible defendant's claim that Daroca, his counsel in 2002, did not advise him of the immigration consequences of his guilty plea.

Finally, the trial court noted that defendant's options in 2002 were limited and that he likely faced a state prison term longer than the three-year sentence he received pursuant to his plea agreement.  At the time of his plea, defendant was on felony probation for possession of an assault weapon and faced a state prison commitment for violation of his probation as well as a maximum 10-year prison term in his plea case.  Given the likelihood that defendant faced a prison term for violation of his probation, and a possible lengthy prison term if defendant were convicted of the 2002 charges, the trial court found defendant's claim that he would not have pled guilty had he known the immigration consequences of his plea not to be credible.

The trial court denied the motion to vacate on the ground that defendant failed to establish prejudicial error under section 1473.7.  This appeal followed.

## DISCUSSION

### I.    Applicable law and standard of review

Section 1473.7 requires a trial court to vacate a conviction as "legally invalid" if the defendant establishes, by a preponderance of the evidence, that the defendant was unable "to meaningfully understand . . . the actual or potential adverse immigration consequences of a plea," and the defendant's misunderstanding was prejudicial to the decision to enter the plea.  (§ 1473.7, subds. (a)(1), (e)(1); see *People v. Camacho* (2019) 32 Cal.App.5th 998, 1011-1012 (*Camacho*).)  To establish

5

prejudice arising from a failure to understand the immigration consequences of a plea, a defendant must show that it is "reasonably probable" he would not have pled guilty had he been properly advised. (*People v. Martinez* (2013) 57 Cal.4th 555, 564.)

The defendant bears the burden of establishing the legal invalidity of the prior conviction under section 1473.7. (§ 1473.7, subd. (e)(1); *Camacho, supra,* 32 Cal.App.5th at p. 1005.) This burden may but need not be met by proving ineffective assistance of counsel. (§ 1437.7, subd. (a)(1); *People v. Mejia* (2019) 36 Cal.App.5th 859, 871.)

We review de novo a trial court's ruling that a conviction is legally invalid when it is based on a constitutional claim of ineffective assistance of counsel. (*People v. Vivar* (2019) 11 Cal.5th 510, 523-528 (*Vivar*).) We review the trial court's ruling on any other basis for abuse of discretion (*ibid*) and the trial court's factual findings under the substantial evidence standard. (*People v. Ogunmowo* (2018) 23 Cal.App.5th 67, 76 (*Ogunmowo*).) Defendant here does not assert ineffective assistance of counsel as a basis for invalidating his conviction.[3] We therefore apply the deferential abuse of discretion and substantial evidence standards.

---

[3]     Defendant does not contend his counsel provided ineffective assistance; rather, he claims his attorney did not defend against the immigration consequence because at the time of defendant's plea, "the law was not clear" that violation of section 273.5 was "categorically a crime of domestic violence" within the meaning of federal immigration laws.

## II. Failure to prove lack of understanding of immigration consequences

The trial court determined that defendant failed to prove a lack of understanding of the immigration consequences of his plea. That determination is based on the court's finding that defendant's claim that his counsel did not advise him of those consequences was "simply not credible." The trial court's credibility assessment of defendant's assertions in support of his section 1473.7 motion is entitled to particular deference, particularly where, as here, that assessment is based on the court's evaluation of defendant's in-person testimony. (*Vivar, supra*, 11 Cal.5th at pp. 527-528; *Ogunmowo, supra*, 23 Cal.App.5th at p. 79 [trial court's credibility determinations based on "live testimony" accorded particular deference].)

*People v. Rodriguez* (2021) 60 Cal.App.5th 995, *People v. Jung* (2020) 59 Cal.App.5th 842, and *People v. Ruiz* (2020) 49 Cal.App.5th 1061, cases cited by defendant's appellate counsel during oral argument, are inapposite. None of those cases involved a trial court's credibility assessment of the appellant's assertions in support of the section 1473.7 motion. The court in *Jung* expressly acknowledged that an "appellate court does not reassess witness credibility but defers to the trial court's credibility determinations. (*Jung*, at p. 853.) That rule applies here.

The trial court similarly rejected defendant's claim that he lacked understanding of the immigration consequences of his plea because the law at the time was unclear as to whether section 273.5, subdivision (a) was a crime of domestic violence within the meaning of the federal Immigration and Nationality Act and remained unclear until the Ninth Circuit clarified in

2015 that section 273.5 "is categorically a crime of domestic violence within the meaning of [title 8 United State Code] § 1227(a)(2)(E)(i)." (*Carillo v. Holder* (9th Cir. 2015) 781 F.3d 1155, 1159.) To the extent that conclusion was based on the trial court's assessment of defendant's credibility, it is accorded deference. (*Vivar, supra*, 11 Cal.5th at pp. 527-528.) Our review of the reporter's transcript of the July 12, 2019 hearing on defendant's motion does not alter this result.[4]

Defendant failed to provide credible evidence that he lacked a meaningful understanding of the immigration consequences of his plea. The trial court did not abuse its discretion by denying defendant's motion to vacate his plea.

## III. Lack of prejudice

The trial court found defendant's claim that he would not have pled guilty had he known the adverse immigration consequences of his plea not to be credible. That finding cannot be challenged on appeal. (*People v. Tapia* (2018) 26 Cal.App.5th 942, 953 ["We do not reevaluate witness credibility."]; *Ogunmowo, supra*, 23 Cal.App.5th at p. 79.)

Moreover, as the trial court noted in its written order denying the motion to vacate, defendant's options in 2002 were limited. Defendant faced a maximum potential sentence of 10 years in this case. At the time of his plea, defendant was also in violation of his probation for felony possession of an assault weapon. Even if acquitted of the charges in this case, he still faced a state prison commitment for violation of his probation that could have exceeded the three-year sentence he received as

---

[4] We grant defendant's motion to augment the record on appeal to include the transcript of the July 12, 2019 hearing.

8

part of his plea agreement. If convicted of the charges in this case, defendant faced a substantial state prison sentence. The comparative punishment defendant faced—a three-year prison sentence versus a potentially lengthy prison sentence for violation of his probation and for the charged offenses—provided a strong incentive for defendant to plead guilty notwithstanding the immigration consequences.

The trial court's finding of no prejudice was not an abuse of discretion.

## DISPOSITION

The order denying the motion to vacate defendant's conviction is affirmed.


_____, J.
CHAVEZ

We concur:


_____, P. J.
LUI


_____, J.
ASHMANN-GERST